**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 4, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

**No. 03-20385**
**Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ODIS LEE JACKSON,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(H-02-CR-373-4)**

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Odis Lee Jackson appeals his convictions and sentences for conspiracy to possess with intent to distribute 50 grams or more of cocaine base and aiding and abetting possession with intent to distribute 50 grams or more of cocaine base. Jackson was sentenced to life imprisonment and 10 years of supervised release on each count, to be served concurrently.

Jackson contends the evidence was insufficient to support his convictions because there was no evidence that he was aware of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

drug sale or joined in the conspiracy to sell cocaine. Jackson's statements and actions at the time of the drug transaction, as well as the comments he later made to his co-defendants and a third-party, were sufficient to establish his knowledge of the drugs, voluntary participation in the conspiracy, and attempt to make the venture succeed. Construing the evidence in the light most favorable to the Government, it is sufficient to support both convictions. *See, e.g., Jackson v. Virginia*, 443 U.S. 307, 318 (1979); *United States v. Casilla*, 20 F.3d 600, 603 (5th Cir. 1994).

Because Jackson did not object in district court, we review for plain error his assertion that the district court failed to conduct the 21 U.S.C. § 851 colloquy before enhancing his sentence based on prior convictions. *See United States v. Thomas*, 348 F.3d 78, 86 (5th Cir. 2003). Jackson does not contend on appeal, nor did he contend in district court, that he did not commit the prior convictions or that they were unconstitutionally obtained. Accordingly, he has not met the plain error standard. *See id*.

Jackson also asserts that the quantity of drugs should have been proven as an element of the offense and that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), has rendered 21 U.S.C. §§ 841(a) & (b) unconstitutional. As Jackson concedes, these arguments are foreclosed by *United States v. Slaughter*, 238 F.3d 580 (5th Cir. 2000).

*AFFIRMED*

2