# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30651
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 1, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PATRICK D. LOMAS,

Defendant-Appellant

Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:97-CR-42-1

Before HIGGINBOTHAM, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Patrick D. Lomas, federal prisoner # 09630-097, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his motion for a sentence reduction under Section 404 of the First Step Act of 2018 (First Step Act). The district court denied Lomas's IFP motion and certified that the appeal had not been taken in good faith. By moving for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30651

IFP status, Lomas is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Lomas contends that the district court abused its discretion when it arbitrarily denied his motion for a sentence reduction under the First Step Act. He argues that because he was eligible for a sentence reduction, the First Step Act mandated that he be resentenced under the penalty provisions in 21 U.S.C. § 841(b)(1)(C). Lomas also argues that the district court placed significant emphasis on his non-extraordinary prison disciplinary record while failing to consider his extraordinary rehabilitative efforts and that it erroneously reviewed his motion under the standard set forth in 18 U.S.C. § 3582(c)(1)(B).

The district court correctly recognized that Lomas was eligible for a sentence reduction under the First Step Act. *See United States v. Jackson*, 945 F.3d 315, 320-21 (5th Cir. 2019), *petition for cert. filed* (U.S. Mar. 16, 2020) (No. 19-8036). Nevertheless, although Lomas was eligible for a sentence reduction, the district court was under no obligation to grant him one. *See id.* at 319, 321. The record reflects that the district court gave due consideration to Lomas's motion and properly exercised its discretion to deny it. The district court considered that, as to his conviction for distribution of cocaine base, Lomas was subject to a new statutory range of zero to 30 years of imprisonment and a guidelines range of 210 to 262 months of imprisonment. The district court also considered Lomas's positive and negative post-sentencing conduct, as well as the facts underlying his offense of conviction. Lomas has not shown that the district court based its decision on an error of law or a clearly erroneous assessment of the evidence. *See id.* at 321-22 & n. 7; *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019); *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

No. 19-30651

Lomas has failed to show that this appeal involves legal points arguable on their merits. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, Lomas's IFP motion is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.