# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 12, 2020

Lyle W. Cayce
Clerk

No. 19-30822

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

GREGORY DEPRICE CARR,

> Defendant - Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:07-CR-106-1

Before JOLLY, JONES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Gregory Deprice Carr appeals from a district court order denying a reduction of his sentence except for the grant of a two-year reduction of his term of supervised release. His appeal implicates the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222, which allows a district court to reduce certain earlier-imposed sentences while affording broad discretion to the court to decide whether a reduced sentence is appropriate.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30822

Here, the district court explained, as its reason for declining to reduce Carr's term of imprisonment, that Carr's original sentence was both then and now within the recommended guidelines range. Carr argues that in so doing the district court erroneously interpreted the Act to preclude the reduction of a sentence that remains within-guidelines at the time of resentencing. However, Carr's argument that the district court's reason for denying relief was an error of law in interpreting the Act is not convincing. Because the district court's reasoning may, plausibly, be viewed as an exercise of judgment within the broad discretion vested in that court, we affirm.

I.

In 2007, Carr pleaded guilty to one drug and two firearm offenses: possession with the intent to distribute 50 grams or more of cocaine base (Count One), possession of a firearm in furtherance of a drug trafficking crime (Count Two), and possession of a firearm by a convicted felon (Count Three). Carr was designated a "career offender" under U.S.S.G. § 4B1.1 and sentenced to concurrent 327-month prison terms for Counts One and Three. For Count Two, Carr was sentenced to an additional 60 months in prison, to be served consecutively to his 327-month sentences. He was further sentenced to ten years of supervised release for Count One, five years of supervised release for Count Two, and three years of supervised release for Count Three, all to be served concurrently. Carr appealed his sentence, but we dismissed his appeal as frivolous after his attorney moved for leave to withdraw in accordance with *Anders v. California*, 386 U.S. 738 (1967). *See United States v. Carr*, 302 F. App'x 289 (5th Cir. 2008).

More than a decade later, in 2019, Carr filed a counseled motion in the district court for a sentence reduction under Section 404 of the First Step Act. A brief discussion of the First Step Act is thus in order.

No. 19-30822

Section 404 of the First Step Act provides "for retroactive application of sections 2 and 3" of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, §§ 2–3, 124 Stat. 2372. *See United States v. Stewart*, 964 F.3d 433, 434 (5th Cir. 2020). Under Section 404, a district court "may," in its discretion, "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time [a] covered offense was committed." 132 Stat. at 5222. Sections 2 and 3 of the Fair Sentencing Act, in turn, "increase[d] the amount of cocaine base required to impose certain mandatory minimum sentences" and "eliminated a mandatory minimum sentence for simple possession of cocaine base." *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019). Thus, a "covered" offense is any "violation of a [f]ederal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010[,] . . . that was committed before August 3, 2010"—generally speaking, a cocaine base or "crack cocaine" offense. *United States v. Jackson*, 945 F.3d 315, 319 (5th Cir. 2019) (quotation omitted). Possession with intent to distribute 50 grams or more of cocaine base is a covered offense if committed before August 3, 2010. *Id.* at 318, 320–21. No one disputes that Carr's Count One offense matches that description.

Accordingly, Carr's motion before the district court homed in on the Count One conviction for possession with intent to distribute 50 grams or more of cocaine base, his only "covered" offense under the First Step Act. He argued that the 327-month prison sentence that he received for that offense should be reduced, despite conceding that the prison term remains, as it has always been, within the recommended guidelines range.

Notwithstanding, Carr urged the district court to reduce his sentence anyway. He contended that a downward departure from the guidelines was warranted in the light of his good behavior in prison. He also sought, apparently for similar reasons, a reduction of his ten-year term of supervised

No. 19-30822

release.  Unlike Carr's term of imprisonment, the original ten-year supervised release term for Count One exceeds the current recommendation of the guidelines; the recommended term of supervised release is now lower—eight years rather than ten.

## II.

Acknowledging these considerations, the district court chose to reduce Carr's supervised release term but not his prison term.  It reasoned as follows:

> The First Step Act has the effect of reducing the defendant's statutory minimum terms of imprisonment and supervised release, from 20 to 10 years and 10 to [8] years, respectively. The defendant's guideline range of imprisonment is unaffected by these changes; however, his guideline range of supervised release is reduced from 10 to [8] years. As such, his term of supervised release is reduced to [8] years so that his sentence remains a guideline sentence. A downward variant sentence of imprisonment is not imposed since the original sentencing judge imposed a guideline sentence.

## III.

Carr appeals.  He argues that Section 404(c) of the First Step Act entitled him to "a complete review of [his] motion on the merits" and that, by failing to "appreciate the scope of its discretion," the district court deprived him of such review.   Stated differently, Carr's argument is that the district court erroneously interpreted the First Step Act to preclude a reduction of his prison term where, as here, the prison term originally imposed falls within the guidelines range applicable at the time of resentencing.

Our review is for abuse of discretion.  *Jackson*, 945 F.3d at 319.  It is the defendant's burden to "show that the trial judge's action amounted to an . . . abuse of discretion."  *United States v. Garcia*, 693 F.2d 412, 415 (5th Cir. 1982).  Of course, a "district court abuses its discretion if it bases its decision on an error of law[.]"  *United States v. Mann*, 161 F.3d 840, 860 (5th Cir. 1998).

4

## No. 19-30822

Carr has failed to show that the district court based its decision on an erroneous interpretation of the First Step Act. Carr relies primarily on the district court's statement that it would deny Carr's request for a downward variance "since the original sentencing judge imposed a guideline sentence." According to Carr, this statement "shows that the court felt bound [as a matter of law] not to disturb the sentencing decision of the original sentencing judge." Carr acknowledges, of course, that the district court has "broad discretion in deciding whether to resentence" a defendant under the First Step Act. *See Jackson*, 945 F.3d at 319. His appeal depends on his ability to show that the district court has made an error of law—specifically, that the district court misinterpreted the First Step Act to preclude the reduction of a still-within-guidelines prison term.

We will assume, without deciding, that it would constitute an error of law and hence an abuse of discretion if the district court had interpreted the Act in this manner.[1] Such an assumed rule cannot be applied here, however, because Carr has not established that the district court's ruling misinterpreted the Act. On the contrary, a more plausible interpretation of the district court's reasoning is that the court exercised its discretion and *chose* not to reduce Carr's original term of imprisonment. For example, the court explained that a downward variance "is" not imposed—not that a downward variance "must" not be imposed, "cannot" be imposed, or "may" not be imposed. In the absence of any mandatory language, we cannot assume that the district court misinterpreted the Act and perceived itself to be bound by a statutory rule or requirement. Indeed, Carr himself argued in the district court that the First Step Act "places no restriction on what [a court] may consider in imposing a

---

[1] Both parties presume that the First Step Act does in fact permit a downward departure from the guidelines in this context, but neither party has cited, nor have we found, binding authority confirming that this is so.

5

No. 19-30822

reduced sentence." To be sure, we find more persuasive the understanding that the district court believed Carr's original term of imprisonment to remain appropriate, and so decided, as an exercise of its broad discretion, not to impose a lesser term.

In any event, even if we found the district court's reasoning ambiguous, Carr has the burden to convince us that an abuse of discretion actually occurred. *Garcia*, 693 F.2d at 415. Identifying an ambiguous statement that *could* be read to evince an abuse of discretion is not enough.[2]

IV.

Accordingly, for the reasons we have set out above, the judgment of the district court is

AFFIRMED.

---

[2] Carr argues, albeit briefly, that the district court's misinterpretation of the First Step Act is supported by the court's "failure . . . to address any of the arguments and evidence [that he] presented . . . in support of a reduced sentence." Thus, in essence, Carr supports his argument that an abuse of discretion occurred with the district court's failure to include, in its statement of reasons, some discussion of Carr's claimed exemplary post-sentencing conduct in prison. Our decision in *United States v. Jackson*, however, expressly held that district courts applying the First Step Act are not "obliged to consider . . . post-sentencing conduct." 945 F.3d at 321.

Carr also argues that the district court did not give his argument full consideration (supposedly because the district court felt it was legally bound to leave the original sentence in place) and that this is indicated by the court's use of an improper form that allowed no space for anything but a perfunctory result. We have considered this argument and, in view of what we have held above, we find that it does not affect our conclusion that the district court exercised its discretion without committing a legal error.