# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 4, 2020

Lyle W. Cayce
Clerk

No. 19-11346
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHRISTOPHER THOMPSON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-382-1

Before CLEMENT, ELROD and HAYNES, *Circuit Judges*.

PER CURIAM:*

Christopher Thompson, federal prisoner # 31221-177, was convicted in 2004 by a jury of possession of a firearm as a felon, 18 U.S.C. § 922(g); possession of a firearm within a school zone, 18 U.S.C. § 922(q)(2); possession with intent to distribute 50 or more grams of cocaine base, 21

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

U.S.C. § 841(a)(1); and possession with intent to distribute 50 or more grams of cocaine base within a school zone, 21 U.S.C. § 860. Thompson was sentenced to concurrent terms of imprisonment of 120 months, 60 months, 324 months, and 324 months, and supervised release terms of three years, five years, and 10 years, to run concurrently. Thompson has filed a motion to appeal in forma pauperis (IFP) from district court orders granting a reduction of his term of imprisonment under the First Step Act of 2018 and denying his motion for reconsideration.

The district court granted Thompson's motion for reduction and reduced his term of imprisonment of 324 months to 292 months, within the amended guideline range, and denied his motion for reconsideration. The district court denied Thompson's motion to proceed IFP, certifying that the appeal was not taken in good faith. By moving for IFP, Thompson is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 199-202 (5th Cir. 1997). Thompson argues that the district court abused its discretion in denying his request for a greater sentence reduction under the First Step Act because the district court did not consider that he was given a two-level reduction for substantial assistance and that he was sentenced at the bottom of the guideline range at his original sentencing; that the district court did not reduce his supervised release from 10 years to eight years based on the new lower guideline range; that the district court failed to consider his post-conviction rehabilitation efforts; that the district court issued its order on a form which he argues is insufficient to allow for appellate review; and that the district court did not engage in an individualized assessment or explain why it chose the sentence imposed.

The district court's decision whether to reduce a sentence pursuant to the First Step Act is generally reviewed for abuse of discretion. *United States v. Jackson*, 945 F.3d 315, 319 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2699 (2020). However, when the district court's determination turns on

"the meaning of a federal statute," de novo review applies. *Jackson*, 945 F.3d at 319 (internal quotation marks and citation omitted). A district court's denial of a motion for reconsideration in a criminal matter is generally reviewed for abuse of discretion. *United States v. Rabhan*, 540 F.3d 344, 346-47 (5th Cir. 2008).

The district court correctly determined, as recommended by the probation officer's worksheet, that Thompson was eligible for a reduction and did reduce his sentence to 292 months, within the amended guideline range. The probation officer's worksheet and Thompson's motions informed the district court that Thompson had received a substantial assistance departure, that he would no longer be considered a career offender under current law, and that Thompson had completed numerous programs and classes while incarcerated. Although the district court did not explicitly address these factors, it is reasonable to assume that the district court considered these factors but exercised its discretion in sentencing him within the amended guideline range and in refusing to reduce his term of supervised release. The district court specifically addressed Thompson's career offender status in the order denying the motion for reconsideration, citing *United States v. Hegwood*, 934 F.3d 414, 418-19 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019), in which we stated that a district court does not err in continuing to apply a career-criminal enhancement when deciding on a proper sentence under the First Step Act. A district court is not required to reduce a sentence at all pursuant to § 404 of the First Step Act. *See Hegwood*, 934 F.3d at 416-17.

The district court's use of the form normally used in proceedings under 18 U.S.C.§ 3482(c)(2) and its stated reasons are sufficient to show that the district court exercised its discretion in granting a reduced sentenced within the new guideline range and in declining to vary below that range, and is sufficient for appellate review. *See Jackson*, 945 F.3d at 319-21.

No. 19-11346

Construing Thompson's letter asking us to consider the prevalence of COVID-19 in the prison as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), we decline to consider this claim because Thompson failed to pursue his administrative request with the Bureau of Prisons as required by statute. 18 U.S.C. § 3582 (c)(1)(A); *see also United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020) ("The statute's language is mandatory.").

Thompson has not shown that the district court abused its discretion in failing to grant a greater reduction in his sentence or in denying his motion for reconsideration. *See Jackson*, 945 F.3d at 319; *Rabhan*, 540 F.3d at 346-47. Thompson has failed to show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). His motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.