19-3874-cr
*United States v. Cabassa*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5ᵗʰ day of January, two thousand twenty-one.

PRESENT:    JOSÉ A. CABRANES,
            SUSAN L. CARNEY,
            MICHAEL H. PARK,
                 *Circuit Judges.*

---

UNITED STATES OF AMERICA,

         *Appellee,*                       19-3874-cr

         v.

MICHAEL CABASSA, AKA MIKEY,[*]

         *Defendant-Appellant,*

LUIS ROSADO, AKA LOUROCK, KEITH MCGHEE, AKA HERSH, FREDDIE GONZALEZ, KAREEM COLLINS, NAVRICK GRANT,

         *Defendants.*

---

[*] The Clerk of Court is directed to modify the caption of this case in accordance with this format.

| | |
|---|---|
| **FOR APPELLEE:** | NATASHA M. FREISMUTH, Assistant United States Attorney, *for* John H. Durham, United States Attorney, District of Connecticut, Hartford, CT. |
| **FOR DEFENDANT-APPELLANT:** | DANIEL ERWIN, Assistant Federal Defender, with Carly Levenson, on the brief, *for* Terrence S. Ward, Federal Defender, District of Connecticut, New Haven, CT. |

Appeal from an order of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Michael Cabassa ("Cabassa") appeals from an order entered November 4, 2019, denying his motion for a sentence reduction under Section 404 of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194. Cabassa seeks reduction of a sentence imposed pursuant to his 2006 guilty plea to possession with the intent to distribute and distribution of more than 50 grams of cocaine base. Following his plea, the District Court (Ellen Bree Burns, *Judge*) sentenced him to the then-mandatory minimum of 240 months' imprisonment followed by 10 years of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"A district court considering a motion for a sentence reduction under the First Step Act must conduct a two-part inquiry. First, the court must determine whether the defendant is eligible for a reduction. Second, if the defendant is eligible, the court must determine whether, and to what extent, to exercise its discretion to reduce the sentence." *United States v. Moore*, 975 F.3d 84, 89 (2d Cir. 2020). With respect to eligibility, Section 404 of the First Step Act permits a district court to reduce a sentence imposed for a "covered offense," which it defines as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." First Step Act, § 404(a), 132 Stat. 5222. As relevant here, Section 2 of the Fair Sentencing Act modified the statutory penalties for cocaine base offenses. 21 U.S.C. § 841(b)(1). Here, the parties do not dispute that the District Court correctly determined that Cabassa is eligible for relief under the First Step Act because he was convicted of a "covered offense."

The question, then, is whether the District Court exceeded its discretion in denying Cabassa's motion for a sentence reduction. While Cabassa is *eligible* for relief, "he is not necessarily *entitled* to relief. The First Step Act is clear that it does not 'require a court to reduce any sentence.'"

2

*United States v. Holloway*, 956 F.3d 660, 666 (2d Cir. 2020) (quoting First Step Act, § 404(c), 132 Stat. at 5222). We review the denial of a motion for relief under the First Step Act for abuse of discretion. *Id.* at 664. "But when [t]he underpinning of the district court's ruling is statutory interpretation, we review it *de novo*." *Moore*, 975 F.3d at 88-89 (alterations and quotation marks omitted). "We review the [D]istrict [C]ourt's factual findings for clear error." *Id.* at 89. Cabassa raises several arguments that the District Court erred when it denied him relief. We consider each in turn below.

## A.

First, Cabassa argues that the District Court erred in denying his motion for a reduced sentence under the First Step Act by "limit[ing] the statute's scope to 'young,' 'non-violent,' drug offenders 'who have made one unfortunate mistake.'" Def. Br. at 20 (citing Joint App'x 114). But the District Court's discussion of the First Step Act's legislative history was introductory and was not central to its exercise of discretion. In other words, it did not "underpin[] the district court's ruling," so we do not review it *de novo*. *Moore*, 975 F.3d at 88-89. In its ruling, the District Court identified a number of reasons to deny Cabassa's motion for relief—none of which hinged on its interpretation of the Act's legislative history. Accordingly, even if its interpretation were erroneous—a question we do not decide—the District Court's view of the Act's purpose was at most harmless error.

## B.

Next, Cabassa claims that the District Court "based its decision on a clearly erroneous assessment of the facts in the record." Def. Br. at 20 (capitalization omitted). Specifically, he argues that the record does not support the District Court's characterization that he "remains a violent person." *Id.* He also argues that the record does not support the District Court's conclusions regarding his conviction in the District of West Virginia. We disagree.

In its order, the District Court sets forth the procedural and factual history of the case and the record detailing Cabassa's conduct in support of its conclusion that Cabassa should not be granted discretionary relief. It considered Cabassa's "prior criminal history, his actions in committing the instant offense, and his conduct in prison." Joint App'x 114. Cabassa's prior criminal history included eight "serious" state court convictions by the age of twenty-eight, including convictions for robbing a woman at knife-point and assaulting a police officer and a fireman. *Id.* at 114-15. Finally, the District Court identified Cabassa's behavior in prison as "perhaps the greatest concern to the [c]ourt." *Id.* While incarcerated, Cabassa received fifteen disciplinary citations, including one for

fighting and six for drug possession. Additionally, Cabassa was convicted in 2008 of possessing a narcotic drug while he was incarcerated, in violation of 18 U.S.C. §§ 1791(a)(2) and (b)(1). *Id.* at 116.[1]

Reviewing the record on appeal, we cannot find that the District Court clearly erred in its assessment of the facts on the record. We also cannot find that the District Court abused its discretion in relying upon Cabassa's history of criminal acts and infractions, including while incarcerated, as a basis for denying his First Step Act motion.

C.

Third, Cabassa argues that the District Court erred when it failed to consider the 18 U.S.C. § 3553(a) factors when it adjudicated his motion. But we "presume[] that the sentencing judge has considered all relevant § 3553(a) factors and arguments unless the record suggests otherwise." *United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020) (citation omitted). A district court is not required to "discuss every § 3553(a) factor individually" or to make "robotic incantations" in sentencing decisions. *Id.* at 119. "[W]e do not consider what weight we would ourselves have given a particular factor." *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008) (en banc). "Rather, we consider whether the factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case." *Id.* Here, we find nothing in the record suggesting that the District Court failed to consider the relevant factors or assigned undue weight to any one factor. To the contrary, the record suggests that the District Court considered several of the factors, including the "nature and circumstances of the offense" and "the history and characteristics of the defendant."

D.

Finally, Cabassa argues that the District Court should have held a hearing on his First Step Act motion and that its failure to do so denied him the "complete review . . . on the merits" required by Section 404(c) of the Act. Def. Br. at 29-30. But we have rejected the argument that this language in the Act requires a hearing. *United States v. Smith*, No. 19-3139, 2020 WL 7213489, at *4 (2d Cir. Dec. 8, 2020) ("[T]he language in Section 404(c) forbidding relief if a previous [Section 404] motion

---

[1] Following the incident that led to his 2008 conviction, Cabassa was charged while incarcerated with three criminal counts, including a count for "knowingly and forcibly" assaulting a Bureau of Prisons employee in violation of 18 U.S.C. § 111(a). Joint App'x 116. The District Court referred to the assault count in her review of Cabassa's First Step Act motion. This count did not lead to a conviction, however, and Cabassa argues on appeal that the court should not have considered it at all. Even if Cabassa is correct, however, we conclude that the District Court's order denying Cabassa's motion is amply supported by its review of Cabassa's full record, and the error, if any, was harmless.

. . . to reduce the sentence was . . . denied after a complete review of the motion on the merits merely establishes that a defendant can file only *one* motion for resentencing." (quoting *United States v. Jackson*, 945 F.3d 315, 321 (5th Cir. 2019) (internal quotation marks and citations omitted)). Further, we have also held that the First Step Act does not require plenary resentencing. *Moore*, 975 F.3d at 92. Although *Smith* left open "the possibility that some exercises of sentencing discretion may require a hearing at which the defendant is present," such a hearing was not required here. 2020 WL 7213489, at *5. Accordingly, the District Court did not err in denying Cabassa a hearing.

## CONCLUSION

We have reviewed all of the arguments raised by Cabassa on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the November 4, 2019 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5