# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20346

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

ODIS LEE JACKSON,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before DAVIS, SMITH, and COSTA, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

The district court sentenced Odis Lee Jackson to life in prison following his drug conviction in 2003. Since then, Jackson has filed numerous motions seeking a reduced sentence. His latest is under the First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). The district court denied the motion but initially failed to provide reasons. On limited remand, the court explained that it exercised its discretion not to resentence. Jackson appeals, and we affirm.

No. 19-20346

## I.

## A.

Seventeen years ago, a jury found Jackson guilty of two drug-related counts:  possession with intent to distribute fifty grams or more of crack,[1] in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) and 18 U.S.C. § 2; and conspiracy to do the same, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), and 846.   The jury was told that, to convict Jackson on each count, his offense had to involve at least fifty grams of crack.   This court affirmed on direct appeal. *United States v. Jackson*, 86 F. App'x 722, 723 (5th Cir. 2004) (per curiam).

The version of § 841(b)(1)(A)(iii) in effect at the time required that, to trigger a mandatory minimum of ten years' imprisonment and a maximum of life, the offense involve only fifty grams of a substance containing cocaine base. If, however, the defendant had two or more felony drug convictions, the mandatory sentence was life in prison.  *Id.*  Jackson had several such convictions, so the government requested a sentencing enhancement under 21 U.S.C. § 851. The court held that it applied and thus handed Jackson his mandatory life sentence plus ten years' supervised release.

Seven years after Jackson's sentencing, Congress enacted the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010).   Section 2 amended § 841(b)(1)(A)(iii) (Jackson's statute of conviction) by increasing the fifty-gram threshold to 280, and it similarly amended § 841(b)(1)(B)(iii) by increasing the threshold quantity from five to twenty-eight grams.  *See* 124 Stat. at 2372.   Thus, if Jackson had committed the offense after the Fair Sentencing Act was in effect, the jury's finding of fifty or more grams would have triggered only the more relaxed penalties in § 841(b)(1)(B)(iii) (2000). The

---

[1] The statutory language is "a mixture or substance . . . which contains cocaine base," 21 U.S.C. § 841(b)(1)(A)(iii), sometimes called "crack."

No. 19-20346

Act wasn't retroactive, however, so Jackson couldn't reap the benefit.

That changed with the passage of the FSA, which gave sentencing courts discretion to "impose a reduced sentence as if section[] 2 . . . of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." FSA, § 404(b).

## B.

In April 2019, Jackson moved for resentencing under the FSA. He contended that he was eligible, since his offense was "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." *Id.* § 404(a). Noting that the jury had found only that his offense involved fifty grams or more, Jackson maintained that, with the Fair Sentencing Act applied retroactively, he would have been subject only to the penalty provisions of § 841(b)(1)(B)(iii), with its new threshold of twenty-eight grams. *See* 124 Stat. at 2372. The government opposed resentencing.

The district court denied the motion but failed to say why. On limited remand, it explained that it had assumed, without deciding, that Jackson had a "covered offense" under section 404(a). Regardless, for three reasons, it exercised its discretion not to reduce the sentence. First, "Jackson's current sentence would still [have] fall[en] within the statutory range provided by 21 U.S.C. § 841 and the [FSA]." Because of Jackson's prior convictions, his statutory penalty range would have been ten years to life, with at least eight years' supervised release. *See* § 841(b)(1)(B)(iii) (2000). His life sentence, then, still fell within the permissible range. Second, Jackson had played a central role in the underlying offense. Third, his numerous previous convictions earned him the highest criminal history score in the federal system.

3

No. 19-20346

## II.

This court has not yet decided what standard of review applies to rulings on motions to resentence under the FSA. We hold now that abuse of discretion generally applies, because the FSA gives the district court broad discretion in deciding whether to resentence.[2] But to the extent the court's determination turns on "the meaning of a federal statute" such as the FSA, our review is *de novo*. *Hegwood*, 934 F.3d at 417.

## A.

The first inquiry in evaluating a motion under section 404 is whether the defendant has a "covered offense." *See* FSA, § 404(a). The FSA defines such an offense as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.*

The government's view of the meaning of "covered offense" is less than clear. At the district court, the government appeared to contend that Jackson's offense wasn't covered because the presentence investigation report ("PSR") found him responsible for 402.2 grams of crack, meaning that he exceeded even the new 280-gram requirement. But the government's briefing on appeal seems to concede that Jackson's offense is covered.

In other cases, the government has contended that "what counts as a covered offense necessarily turns on facts specific to the defendant's offense,

---

[2] *See* FSA, § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). We've recognized that section 404 is similar to 18 U.S.C. § 3582(c)(2), which generally permits resentencing of a defendant whose original sentence was based on a range later lowered by the Sentencing Commission. *See United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019). Crucially, "we review the decision whether to reduce a sentence under § 3582(c)(2) for *abuse of discretion*." *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009) (emphasis added). We see no reason to treat the FSA differently.

not limited to what was charged in the indictment." *United States v. White*, 2019 WL 3228335, at \*2 (S.D. Tex. July 17, 2019) (quotation marks removed). On that theory, if the jury convicts on a count requiring a showing of fifty or more grams, but the PSR later finds that, say, 500 grams were involved, then the defendant doesn't have a "covered offense," since the drug quantity as stated *in the PSR* exceeds even the new 280-gram threshold. *See id.*

That approach doesn't comport with the ordinary meaning of the statute, however.[3] As stated above, a "covered offense" is "a violation of a Federal criminal statute, *the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . .* that was committed before August 3, 2010." FSA, § 404(a) (emphasis added). The "penalties clause" is the portion in italics. For the government's approach from previous cases to work, the penalties clause must modify "violation," not "Federal criminal statute." But for at least three reasons, the better reading is that it modifies "Federal criminal statute." It follows that whether an offense is "covered" depends only on the *statute* under which the defendant was convicted.

First, "[a] general rule of statutory interpretation is that modifiers attach to the closest noun; courts should not interpret statutes in such a way as to 'divorce a noun from the modifier next to it without some extraordinary reason.'" *United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019) (quoting *Lopez v. Gonzales*, 549 U.S. 47, 56 (2006)). The penalties clause appears closer to "Federal criminal statute" than to "violation," so it modifies the former.

Second, the use of the past tense—"were modified"—in the penalties

---

[3] *See Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999) ("As in any case of statutory construction, our analysis begins with the language of the statute. And where the statutory language provides a clear answer, it ends there as well." (quotation marks and citations omitted)).

clause "confirms that the clause was intended to modify 'statute,' not 'violation.'" *United States v. Rose*, 379 F. Supp. 3d 223, 229 (S.D.N.Y. 2019). The Fair Sentencing Act wasn't retroactive when first passed, so it couldn't "have 'modified' any penalties imposed for violations 'committed before August 3, 2010.'" *Id.* (quoting FSA, § 404(a)). Instead, "the only 'statutory penalties' that the Fair Sentencing Act could have modified were the crack-cocaine penalties provided in the Controlled Substances Act" itself. *Id.*

Finally, the penalties clause refers to "*statutory* penalties." FSA, § 404(a) (emphasis added). The word "statutory" isn't superfluous; instead, it makes doubly clear that Congress intended to refer only to the *statute* under which the defendant was convicted. *See Hohn v. United States*, 524 U.S. 236, 249 (1998) ("We are reluctant to adopt a construction making another statutory provision superfluous.").

We thus conclude that whether a defendant has a "covered offense" under section 404(a) depends only on the statute under which he was convicted. If he was convicted of violating a *statute* whose penalties were modified by the Fair Sentencing Act, then he meets that aspect of a "covered offense." The only other circuits to have confronted these arguments agree.[4]

Jackson has a covered offense. He meets all the requirements of section 404(a): He was convicted of violating a statute whose penalties the Fair Sentencing Act modified, and the violation occurred "before August 3, 2010." He also doesn't transgress the "limitations" of section 404(c): He hasn't made

---

[4] *See Wirsing*, 943 F.3d at 185–86; *United States v. McDonald*, 2019 WL 6721187, at *2 (8th Cir. Dec. 11, 2019). The decision in *United States v. Beamus*, 2019 WL 6207955, at *2–3 (6th Cir. Nov. 21, 2019) (per curiam), also appears to endorse our interpretation of "covered offense." Yet that court wasn't directly confronted with the eligibility arguments raised here. Instead, it held that a defendant's status as a career offender didn't make him ineligible. *Id.* at *2.

No. 19-20346

a "previous motion" under section 404 to reduce his sentence, nor was his sentence "previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act." He is thus eligible for resentencing.

## B.

"That [Jackson] is eligible for resentencing does not mean he is entitled to it," however. *Beamus*, 2019 WL 6207955, at *3. The sentencing court has broad discretion, since "nothing" in the FSA "shall be construed to require a court to reduce any sentence."[5] The district court exercised that discretion not to resentence. It noted that Jackson's life sentence still would have fallen within the appropriate statutory range were the Fair Sentencing Act applied, and it relied on his extensive criminal history and central role in the offense.

### 1.

Jackson's main contention is that the court abused its discretion in supposedly failing to conduct a "complete review" of his motion "on the merits." FSA, § 404(c). He suggests that the FSA required the court to hold a hearing, order an updated PSR, and consider evidence of Jackson's apparently admirable post-sentencing conduct. The court's failure to do so, he suggests, shows it didn't completely review his motion.

Both the premises and conclusion are flimsy. Jackson misreads the FSA in contending that the phrase "complete review of the motion on the merits" imposes a kitchen sink of procedural requirements. To the contrary, the relevant provision establishes that a defendant can file only *one* motion for

---

[5] FSA, § 404(c); *see Hegwood*, 934 F.3d at 418 (recognizing discretionary nature of the decision whether to resentence under the FSA); *Beamus*, 2019 WL 6207995, at *3 (holding that the FSA "leaves the choice whether to resentence to the district court's sound discretion").

resentencing. *See id.* "No court shall entertain a motion made under this section to reduce a sentence . . . if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied *after a complete review of the motion on the merits.*" *Id.* (emphasis added).

Even assuming that there is some mandatory baseline level of procedure, the court did not err. Jackson suggests that the court should have held a hearing. But nothing in the FSA requires it to do so, as the Eighth Circuit has recognized.[6] Instead, the FSA states that "[a] court that imposed [the] sentence . . . may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence . . . ." FSA, § 404(b). Its text imposes no further procedural hoops. *See id.*

Neither was the district court obliged to consider Jackson's post-sentencing conduct. In *Hegwood*, 934 F.3d at 418, we held that the FSA doesn't contemplate a plenary resentencing. Instead, the court "plac[es] itself *in the time frame of the original sentencing*, altering the relevant legal landscape *only by* the changes mandated by the 2010 Fair Sentencing Act." *Id.* (emphasis added). Thus, we held, the court couldn't consider *other* post-sentencing changes in the law. *See id.* It would therefore make little sense to mandate, as Jackson would have it, that the court consider a defendant's *post-sentencing* conduct, which would be to peer outside "the time frame of the original sentencing."[7]

The cases Jackson cites on procedural deficiency are beside the point. In

---

[6] *See United States v. Williams*, 2019 WL 6316657, at *1 (8th Cir. Nov. 26, 2019) ("Because the [FSA] gives district courts discretion to reduce the sentence and does not mention a hearing, it does not require district courts to hold a hearing."); *id.* at *2 ("A district court can conduct a complete review without a hearing, as the district court did here.").

[7] *Id.* We do not hold that the court *cannot* consider post-sentencing conduct—only that it isn't required to.

No. 19-20346

*United States v. Larry*, 632 F.3d 933, 935 (5th Cir. 2011), the district court moved *sua sponte* to modify the sentence under 18 U.S.C. § 3582(c)(2) and quickly denied the motion. We faulted the court for doing so without giving the defendant *any opportunity* to present argument. *Larry*, 632 F.3d at 937. Similarly, in *Century Surety Co. v. Blevins*, 799 F.3d 366, 372–73 (5th Cir. 2015), we criticized the court for dismissing claims via Federal Rule of Civil Procedure 12(b)(6) *sua sponte* without providing notice or an opportunity to respond. And in *Diece-Lisa Industries, Inc. v. Disney Enterprises, Inc.*, 943 F.3d 239, 253–54 (5th Cir. 2019), we faulted the court for vacating, *sua sponte* without providing a chance to respond, its order granting leave to amend.

To describe those cases is to distinguish them. Jackson had his day in court. He filed a detailed motion explaining why he should get a new sentence; the government responded; the court denied the motion; and, on limited remand, it explained why. That process is nothing like the extraordinary circumstances in *Larry*, *Century Surety,* and *Diece-Lisa*, in which the courts *sua sponte* dismissed motions, claims, and orders without affording the parties any notice or opportunity to respond. The procedures here were blameless.

2.

Jackson also contends that he should have been resentenced because he was a mere "lookout" in the underlying offense and because his prior convictions that triggered the mandatory life sentence involved "very small quantities of drugs." There is no abuse of discretion. The court properly considered Jackson's extensive criminal history and role in the offense in declining to reduce the sentence.[8]

---

[8] We do not hold that the court *must* consider the factors in 18 U.S.C. § 3553(a) in deciding whether to resentence under the FSA. We reserve the issue for another day.

No. 19-20346

The judgment is AFFIRMED.