# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-50746
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 12, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JERRY URBINA, also known as "Jerry Boy,"

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-800-5

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jerry Urbina, federal prisoner # 15373-380, pleaded guilty to conspiracy to possess five kilograms or more of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii), and 21 U.S.C. § 846, and he was sentenced to 180 months of imprisonment. The sentence was later reduced to 144 months. He filed a motion to reduce his sentence pursuant to the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), which the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied because Urbina had not been convicted of a covered offense.  Urbina's motion for reconsideration, designated a motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e), was subsequently denied.  He appealed.  In addition to his brief, he filed a motion to dismiss the case based on the Government's "failure to prosecute," purportedly relying on Federal Rule of Civil Procedure 41(b) and Fifth Circuit Rule 42.3.

We review the district court's discretionary denial of relief under Section 404 of the First Step Act for an abuse of discretion.  *United States v. Jackson*, 945 F.3d 315, 319 (5th Cir. 2019), *cert. denied*, 2020 WL 1906710 (U.S. April 20, 2020) (No. 19-8036).  To be a "covered offense" under the First Step Act, the offense must be "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010."  *United States v. Hegwood*, 934 F.3d 414, 416 (5th Cir.) (internal quotation marks omitted) (quoting First Step Act, § 404(a), 132 Stat. 5194, 5222), *cert. denied*, 140 S. Ct. 285 (2019).

Section 404 is inapplicable in this case because Urbina's conviction is not a covered offense under section 2 or 3 of the Fair Sentencing Act.  *See* Fair Sentencing Act of 2010, Pub. L. 111-220, § 2-3, 124 Stat. 2372.  Urbina was convicted under § 841(b)(1)(A)(ii), which applies to cocaine offenses and which the Fair Sentencing Act did not amend.  *See id.*  Accordingly, the district court did not abuse its discretion by determining that Urbina was not eligible for relief under the First Step Act.  *See Hegwood*, 934 F.3d at 416; *Jackson*, 945 F.3d at 319.

To the extent the Urbina argues that the district court abused its discretion by finding that his appeal was not taken in good faith, his appeal fails because his claims to relief under the First Step Act are not arguable on

No. 19-50746

the merits. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Finally, the relief sought by Urbina's motion to dismiss for failure to prosecute is unavailable to him.  *See* FED. R. APP. P. 42(b); 5TH CIR. R. 42.3.

Given the foregoing, the district court's judgment is **AFFIRMED**. Urbina's motion to dismiss pursuant to Fifth Circuit Rule 42.3 is **DENIED**. His request for a certificate of appealability is **DENIED** as unnecessary.