# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 30, 2020

Lyle W. Cayce
Clerk

No. 20-10382
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Terry Lynn Hargers,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:07-CR-61-1

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:[*]

Terry Lynn Hargers appeals the district court's denial of his motion under the First Step Act of 2018 to reduce his sentence of 24 months in prison, imposed upon the revocation of his term of supervised release following his 2007 guilty-plea conviction of distributing and possessing with

---

[*] Pursuant to 5TH Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH Circuit Rule 47.5.4.

No. 20-10382

intent to distribute cocaine base. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194; 21 U.S.C. § 841(a)(1) & (b)(1)(C). Hargers contends that the district court erred in finding him ineligible for relief under the First Step Act.

The Government, relying on this court's decision in *United States v. Jackson*, 945 F.3d 315, 319 (5th Cir. 2019), *cert. denied*, 2020 WL 1906710 (U.S. Apr. 20, 2020) (No. 19-8036), has filed a motion for summary affirmance or, in the alternative, an extension of time in which to file a brief. Hargers, relying on multiple albeit out-of-circuit cases, does not concede that his issue is foreclosed. We therefore deny the Government's motion for summary affirmance. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). However, because Hargers is not entitled to the relief he seeks, as discussed below, we dispense with further briefing and affirm.

The record establishes that Hargers was convicted of an offense under § 841(b)(1)(C), which applies to any quantity of cocaine base without a triggering minimum amount. The Fair Sentencing Act of 2010 raised the triggering minimum amounts of cocaine base in § 841(b)(1)(A)(iii) and (B)(iii) from 50 grams and 5 grams to 280 grams and 28 grams, respectively, but did not modify § 841(b)(1)(C) which required no minimum quantity of cocaine base to apply. Fair Sentencing Act of 2010, Pub. L. No. 111-220, sec. 2(a), 124 Stat. 2372; *Jackson*, 945 F.3d at 318. Therefore, even if the First Step Act applies to revocation sentences, Hargers was ineligible for a sentence reduction because the Fair Sentencing Act did not modify the penalty for his offense of conviction. *See* First Step Act of 2018, sec. 404(a), 132 Stat. 5194, 5222; Fair Sentencing Act of 2010, sec. 2(a), 124 Stat. 2372; *Jackson*, 945 F.3d at 318.

The Government's motion for summary affirmance or an extension of time is DENIED, and the judgment of the district court is AFFIRMED. *See United States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014).