# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 6, 2020

Lyle W. Cayce
Clerk

No. 20-10596
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Christopher Hordge, *also known as* Lil Chris,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CR-206-5

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Christopher Hordge, federal prisoner # 42836-177, who stands convicted of conspiracy to possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a) and 846, appeals the district court's denial of his motion to reduce his sentence pursuant to the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

First Step Act of 2018 (FSA). The district court determined that Hordge was eligible for resentencing under the FSA but exercised its discretion in deciding not to reduce his sentence. *See United States v. Jackson*, 945 F.3d 315, 321 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2699 (2020). Hordge argues that the district court erred in making its FSA determination because it calculated his guidelines range based upon the amount of drugs for which the court found him responsible at sentencing rather than on the amount of cocaine base charged in the indictment. He has otherwise abandoned any challenge to the district court's reasons for declining to reduce his sentence under the FSA. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

We review a district court's ruling on a motion to resentence under the FSA for abuse of discretion. *Jackson*, 945 F.3d at 319. However, "to the extent the court's determination turns on the meaning of a federal statute such as the FSA, our review is *de novo*." *Id.*

Hordge's appellate argument is unavailing. Section 404 of the FSA gives courts the discretion to apply the Fair Sentencing Act of 2010 to reduce a prisoner's sentence for certain covered offenses. FSA, § 404, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018); *United States v. Hegwood*, 934 F.3d 414, 416-17 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019). Nothing in the FSA states that, when the district court is determining whether to apply the Fair Sentencing Act to reduce a sentence for an eligible defendant, it must recalculate the defendant's base offense level under the Sentencing Guidelines based only upon the drug amount charged in the indictment. *See* FSA, § 404, 132 Stat. at 5222. Moreover, it is well settled that district courts can make factual findings regarding drug quantity to determine a sentencing guidelines range, as long as the sentence imposed is within the appropriate statutory range. *See United States v. Romans*, 823 F.3d 299, 316-17 (5th Cir. 2016); *United States v. Hinojosa*, 749 F.3d 407, 411-13 (5th Cir. 2014). Further, as we made clear in *Hegwood*, 934 F.3d at 415, the FSA "does not

No. 20-10596

allow plenary resentencing." Accordingly, the district court's judgment is AFFIRMED.