# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2020

Lyle W. Cayce
Clerk

No. 19-60941
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOHN RILEY, *also known as* P. J.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:08-CR-92-1

Before BARKSDALE, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

    John Riley, federal prisoner # 15081-043, challenges the district court's order denying his motion for resentencing under the First Step Act of 2018, § 404, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018). Riley

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-60941

contends:   his motion did not receive a complete review on the merits; and the order denying his motion lacked any explanation or review of his claim.

A district court's discretionary denial of relief under Section 404 of the First Step Act is, generally, reviewed for abuse of discretion.  *United States v. Jackson*, 945 F.3d 315, 319 (5th Cir. 2019).

On limited remand, the district court explained that it had denied Riley's motion for resentencing because his sentence "has previously been reduced by all applicable guideline amendments".  Insofar as Riley maintains the court failed to consider the merits of his motion for a sentence reduction, his contention fails.  *Id.* at 321–22 (denying motion for reduced sentence under § 404 because, *inter alia*, "[defendant] had his day in court. He filed a detailed motion explaining why he should get a new sentence; the government responded; the court denied the motion; and, on limited remand, it explained why. . . . The procedures here were blameless".).

Alternatively, if Riley is challenging the court's reasoning for its denial, his contention is waived for inadequate briefing.  *See* Fed. R. App. P. 28(a)(8)(A); *United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010) ( "a failure to brief . . . constitutes waiver").  He claims his motion "never received a complete review on the merits as required".  As discussed above, on limited remand, the court provided an adequate explanation for its denial. (In addition, he concedes his claims lack merit.  See *Jackson*, 945 F.3d at 321–22.)

AFFIRMED.