# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 13, 2021

Lyle W. Cayce
Clerk

No. 19-20786
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KRISTOPHER BROCK,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:02-CR-364-1

Before OWEN, *Chief Judge*, and DENNIS and HO, *Circuit Judges*.

PER CURIAM:*

Kristopher Brock is serving a sentence of 360 months of imprisonment, imposed in 2004 after he was found guilty of two counts of possession with intent to distribute five grams or more of cocaine base. He

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-20786

moved for resentencing under the First Step Act of 2018 (FSA).[1] The district court denied the motion, determining that Brock was ineligible for relief under the FSA based on: (1) the amount of drugs for which he was held accountable, i.e., greater than twenty-eight grams of cocaine base; (2) the career offender enhancement;[2] and (3) the 21 U.S.C. § 851 enhancement on account of Brock's prior Texas convictions for possession with intent to deliver cocaine and possession of a controlled substance. Brock argues that he meets the threshold requirements for eligibility and, particularly, that his career offender status does not render him ineligible.

The district court's decision regarding whether to reduce a sentence pursuant to the FSA is generally reviewed for abuse of discretion.[3] However, when the district court's "determination turns on 'the meaning of a federal statute,'" de novo review applies.[4] Section 404(b) of the FSA provides that a district court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."[5] A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, . . . that was committed before August 3, 2010."[6]

---

[1] *See* Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222.

[2] *See* U.S. Sent'g Guidelines Manual § 4B1.1 (U.S. Sent'g Comm'n 2002).

[3] *United States v. Jackson*, 945 F.3d 315, 319 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2699 (2020) (Mem.).

[4] *Id.* (quoting *United States v. Hegwood*, 934 F.3d 414, 417 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 285 (2019) (Mem.)).

[5] § 404(b), 132 Stat. at 5222.

[6] *Id.* § 404(a).

No. 19-20786

Brock committed his offenses of conviction in 2002, prior to the 2010 effective date of the FSA.[7] Additionally, his 21 U.S.C. § 841(a)(1) conviction is a "covered offense."[8] What is more, § 404(c)'s limitations do not apply to Brock. His sentence was not "previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010," nor did he previously file a motion under the FSA to reduce his sentence after the FSA's date of enactment.[9] Brock's drug quantity finding, although in excess of the twenty-eight-gram statutory threshold of the modified penalty provisions,[10] is not determinative of his eligibility to seek relief under the FSA.[11] Furthermore, a career offender is not ineligible for relief under the FSA.[12] Finally, because Brock was convicted of a "covered offense," the § 851 enhancement does not render him ineligible.[13]

The district court therefore erroneously deemed Brock ineligible for relief under the FSA. However, Brock's eligibility for relief is not tantamount to an entitlement to relief.[14] We therefore vacate the order

---

[7] *See id.*

[8] *See Jackson*, 945 F.3d at 318, 320-21.

[9] § 404(c), 132 Stat. at 5222; *see Jackson*, 945 F.3d at 320-21.

[10] *See* 21 U.S.C. § 841(b)(1)(B)(iii).

[11] *See Jackson*, 945 F.3d at 319-20.

[12] *See United States v. Stewart*, 964 F.3d 433, 436-39 (5th Cir. 2020); *United States v. Hegwood*, 934 F.3d 414, 415, 417-18 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 285 (2019) (Mem.).

[13] *See Jackson*, 945 F.3d at 318, 320.

[14] *See id.* at 321.

No. 19-20786

denying Brock's motion for resentencing and remand for the district court to determine, in its discretion, whether his sentence should be reduced.[15]

\*     \*     \*

VACATED and REMANDED.

---

[15] *See id.*; *Stewart*, 964 F.3d at 439.