# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 5, 2021

Lyle W. Cayce
Clerk

No. 19-11158
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Lorenzo Valdez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CV-797

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Lorenzo Valdez, federal prisoner # 42864-177, was convicted of conspiracy to possess with the intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(ii)(IV). He filed an unsuccessful motion to reduce his sentence under the First Step Act of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-11158

2018; Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018), and he now appeals the denial of his motion.

We review the district court's ruling on a motion to reduce a sentence under the First Step Act for an abuse of discretion. *United States v. Jackson*, 945 F.3d 315, 319 & n.2 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2699 (2020). "Section 404 of the First Step Act concerns the application of [the] Fair Sentencing Act of 2010." *United States v. Hegwood*, 934 F.3d 414, 416 (5th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 140 S. Ct. 285 (2019). As relevant here, a defendant is eligible for a sentence reduction under the First Step Act if: (1) he committed a "'covered offense,'" which is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010;" and (2) his sentence was not previously imposed or reduced pursuant to the Fair Sentencing Act. Pub. L. No. 115-391, § 404(a), (c); 132 Stat. 5194, 5222; *see Hegwood*, 934 F.3d at 416-17. A district court is not required to conduct a hearing on a motion filed pursuant to Section 404 of the First Step Act. *Jackson*, 945 F.3d at 321.

Because Valdez's offense was not committed before August 3, 2010, it was not a covered offense for purposes of the Fair Sentencing Act, and the district court did not abuse its discretion by denying his motion for a sentence reduction. *See* Pub. L. No. 115-391, § 404(a). Additionally, Valdez's 30-year sentence falls within the statutory imprisonment range of between five and 40 years, *see* 841(b)(1)(B)(ii)(IV), and is therefore legal.

AFFIRMED.

2