# United States Court of Appeals
# for the Fifth Circuit

---

No. 20-30282
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 22, 2021

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHRIS WALKER,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CR-297-1

---

Before BARKSDALE, GRAVES, OLDHAM, *Circuit Judges*.

PER CURIAM:*

In 2007, Chris Walker, federal prisoner # 29622-034, pleaded guilty to: conspiracy to distribute, and possess with intent to distribute, 50 grams or more of cocaine base, 500 grams or more of cocaine hydrochloride, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), and 846 (count one);

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

possession with intent to distribute 50 grams or more of cocaine base, 500 grams or more of cocaine hydrochloride, and marijuana, in violation of §§ 841(a)(1) and (b)(1) (count two); felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (count three); conspiracy to murder a federal agent, in violation of 18 U.S.C. §§ 1114 and 1117 (count four); and solicitation to murder a federal witness, in violation of 18 U.S.C. § 373 (count seven). Walker was sentenced to, *inter alia*, life imprisonment.

Walker challenges the district court's denial of his motion for a reduced sentence, in which Walker requested relief pursuant to § 404 of the First Step Act of 2018 (First Step Act), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). Reducing a sentence pursuant to the First Step Act is generally reviewed for abuse of discretion. *United States v. Jackson*, 945 F.3d 315, 319 (5th Cir. 2019). (Walker also contends the court committed procedural error and his sentence is substantively unreasonable; but these claims are foreclosed. *See United States v. Batiste*, 980 F.3d 466, 479–80 (5th Cir. 2020).)

The Fair Sentencing Act of 2010 (made retroactive by the First Step Act) lowered Walker's sentences for counts one and two from mandatory minimums of life imprisonment to mandatory minimums of 120-months' imprisonment, respectively. The First Step Act did not affect Walker's other sentences (including, *inter alia*, life imprisonment for count four), resulting in a modified Sentencing Guidelines sentencing range of 360 months to life. According to Walker, the denial of his motion for a reduced sentence failed to consider the impact of the First Step Act on his sentences for counts one and two, the goals of the Fair Sentencing Act, and the 18 U.S.C. § 3553(a) sentencing factors.

Walker has not shown the district court abused its discretion. The court acknowledged Walker's claims and the changes in the law, correctly set

No. 20-30282

forth the circumstances of his case, and denied relief based on the § 3553(a) factors. *See Id.* at 478 ("[I]t is more plausible . . . that the district court, having evaluated all pertinent factors, simply exercised its statutory discretion to deny the motion [pursuant to § 404]"). Contrary to Walker's assertion, the court "was not required to provide reasons or explain its consideration of the § 3553(a) factors" in considering his motion for a reduced sentence. *Id.* at 479.

AFFIRMED.