# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 2, 2021

Lyle W. Cayce
Clerk

No. 20-40710
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Reginald Stanly Strother,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:06-CR-182-1

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Reginald Stanly Strother, federal prisoner # 12594-078, was convicted in 2009 of possession with intent to distribute 50 grams or more of cocaine base, and he is serving a sentence of life imprisonment. He has appealed the district court's order denying his motion for a sentence reduction under

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40710

§ 404(b) of the First Step Act of 2018 (First Step Act), Pub. L. No. 115-391, 132 Stat. 5194 (2018). Strother's motion for leave to file a supplemental reply brief is GRANTED.

Section 404(b) of the First Step Act gives a sentencing court limited authority to reduce a prisoner's sentence for certain covered offenses. *United States v. Hegwood*, 934 F.3d 414, 416-18 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019). A "covered offense" within the meaning of the First Step Act is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 that was committed before August 3, 2010." *United States v. Jackson*, 945 F.3d 315, 319 (5th Cir. 2019) (internal quotation marks, ellipses, and citation omitted), *cert. denied*, 140 S. Ct. 2699 (2020); *see also* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). A district court's decision whether to reduce a sentence under the First Step Act is generally reviewed for abuse of discretion, although review is de novo to the extent the court's determination turns on the meaning of the statute. *Jackson*, 945 F.3d at 319.

Although Strother is eligible for resentencing because his offense is a covered offense, he is not entitled to it, and the district court had broad discretion in determining whether to resentence him. *See* 132 Stat. 5194, 5222 (§ 404(c)); *Jackson*, 945 F.3d at 321. The district court denied relief as an exercise of that discretion after considering Strother's post-sentencing conduct, the drug quantity at issue in the original offense, and Strother's prior felony drug conviction.

On appeal, Strother contends that because he was originally sentenced to the statutorily mandated sentence of life imprisonment, circuit precedent requires that he be resentenced to the statutory minimum sentence set forth in 21 U.S.C. § 841(b)(1)(B). He asserts that he is no longer subject to an enhanced sentence because none of his prior convictions was a serious drug felony, that his statutory imprisonment range is 5 to 40 years, that his guidelines range should be limited to 57-71 months of imprisonment, that the

2

district court's ruling has resulted in a disparity between his sentence and the sentence he would receive under the current Guidelines, and that the district court erred in considering his post-sentencing conduct. These contentions are without merit.

Section 401(a) of the First Step Act, which amended the felony drug offense sentencing enhancements in § 841(b)(1), does not apply to Strother because he was sentenced before the enactment date of the First Step Act. *See* 132 Stat. 5194, 5220-21 (§ 401(a) & (c)); *Jackson*, 945 F.3d at 321 (emphasizing that, in applying the First Step Act, a sentencing court cannot "consider *other* post-sentencing changes in the law"); *Hegwood*, 934 F.3d at 418 (explaining that defendant is not entitled to plenary resentencing). Thus, while no longer mandatory, Strother was still subject to a lifetime term of imprisonment under § 841(b)(1)(B), and it was not improper for the court to consider his post-sentencing conduct in determining whether to exercise its discretion to deny relief. *See Jackson*, 945 F.3d at 322 n.7. No abuse of discretion has been shown. *See id.* at 319, 321-22. The district court's order is AFFIRMED.