# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 24, 2021

Lyle W. Cayce
Clerk

No. 20-50699
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DAMIDRICK DESHONE FEARCE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:07-CR-41-1

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

In 2007, Defendant-Appellant Damidrick Deshone Fearce, federal prisoner # 79206-180, pleaded guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base within 1,000 feet of a school and playground, in violation of 21 U.S.C. §§ 841(a)(1),

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

841(b)(1)(A), 860, and 846.  The Government sought an enhanced sentence based on Fearce's prior felony drug conviction, raising the statutory minimum term of imprisonment from 10 to 20 years and the statutory minimum term of supervised release from 5 to 10 years.  *See id.* § 841(b)(1)(A) (2007).  Fearce's statutory minimum term of supervised release was further increased to 20 years pursuant to § 860(a).  *See id.* § 860(a).  He was sentenced from below the advisory guidelines range of 360 months to life imprisonment to the statutory mandatory minimum term of 240 months of imprisonment to be followed by a 20-year term of supervised release.  In May 2015, the district court reduced Fearce's sentence from 240 months to 217 months of imprisonment, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines.

In January 2020, Fearce submitted a motion under § 404 of the First Step Act of 2018 (First Step Act), requesting a reduction in his terms of imprisonment and supervised release.  He now appeals the district court's order denying his § 404 motion.

We review a district court's decision whether to reduce a sentence pursuant to the First Step Act for abuse of discretion.  *United States v. Jackson*, 945 F.3d 315, 319 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2699 (2020); *see also United States v. Stewart*, 964 F.3d 433, 435 (5th Cir. 2020).  A resentencing court has broad discretion because the First Step Act does not require a sentence reduction even if the defendant is eligible for one.  *Jackson*, 945 F.3d at 321.

Fearce contends that the district court's explanation for its denial of his motion was inadequate because it did not provide specific factual reasons.  The relevant arguments for reducing Fearce's term of imprisonment, including the history of his original sentencing and the sentence reduction previously granted, were comprehensively briefed by the parties.  In its

No. 20-50699

amended order, the district court stated that it had considered the 18 U.S.C. § 3553(a) factors, the facts of the case, the severity of the offense, and the departures previously granted. The record thus shows that the parties were afforded an opportunity to present their cases and that the district court exercised its discretion in denying Fearce's § 404 motion. *See United States v. Batiste*, 980 F.3d 466, 478-79 (5th Cir. 2020); *see also Jackson*, 945 F.3d at 322.

Fearce nevertheless contends that the district court erred by not expressly addressing or acknowledging his request for a reduction in his term of supervised release. His contention is unpersuasive. His § 404 motion requests a reduction of his term of supervised release to 16 years, asserting that he "has strong motivation to succeed on supervised release," and providing examples of how he has prepared himself for release while in prison. The Government's response also acknowledges that, under the First Step Act, Fearce is eligible for a reduction in his term of supervised release. Both parties thus raised his eligibility for a reduction in his term of supervised release in their § 404 submissions, so "the relevant arguments were before the court when it made its resentencing determination." *Batiste*, 980 F.3d at 479. The record here confirms that the district court considered Fearce's request and implicitly denied it.

Finally, Fearce has not shown any abuse of discretion in connection with either of his assertions that the district court's denial was based on an erroneous assessment of the evidence. *See Batiste*, 980 F.3d at 479; *Jackson*, 945 F.3d at 319.

AFFIRMED.