# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 2, 2021

Lyle W. Cayce
Clerk

No. 21-50019
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EUGENE DURST SELF,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-66-1

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Eugene Durst Self, federal prisoner # 76522-080, was sentenced to concurrent terms of imprisonment of 60 and 36 months, and concurrent five-year terms of supervised release, upon revocation of his supervised release. Self was originally convicted and sentenced before 2010 of conspiracy to

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

possess with the intent to distribute 50 grams or more of cocaine base, and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii), and (b)(1)(C).

Now Self appeals the denial of his motion to reduce his revocation sentence under the First Step Act. He argues that the district court abused its discretion in denying his motion, and that the district court erroneously denied his motion because his sentence was imposed after revocation of his supervised release.

Contrary to Self's contention, the district court considered the merits of his motion, and there is no indication that the district court determined that he was not eligible based on an erroneous legal interpretation of the Act. The district court considered the applicable factors provided in § 404 of the Act, the sentencing factors of 18 U.S.C. § 3553(a), and the applicable policy statements issued by the Sentencing Commission, and determined on the merits that a sentencing reduction was not warranted. Self has not shown that the district court committed an error of law or based its decision on a clearly erroneous view of the evidence. *See United States v. Batiste*, 980 F.3d 466, 469 (5th Cir. 2020). Self has not demonstrated that the district court abused its discretion in denying his motion for a sentence reduction under the Act. *See United States v. Jackson*, 945 F.3d 315, 319 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2699 (2020). The district court's denial of his motion is AFFIRMED.