# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 6, 2022

Lyle W. Cayce
Clerk

No. 21-20163

United States of America,

*Plaintiff—Appellee*,

*versus*

Bithomas Ceasar, Jr.,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
No. 4:18-CR-458-1

---

Before Stewart, Clement, and Elrod, *Circuit Judges*.

Jennifer Walker Elrod, *Circuit Judge*:

Bithomas Ceasar, Jr., was charged with receipt, distribution, and possession of child pornography. The district court found him incompetent to stand trial, and he was committed for evaluation and treatment. Towards the end of the commitment period, Ceasar was released on bond to live with his mother, and shortly after that the warden of the medical facility issued a certificate declaring that he had recovered sufficiently to be competent to stand trial. But several months later, all parties, and ultimately the court, agreed that he was again incompetent. The question this case presents is whether at that time the district court was permitted to return Ceasar to

No. 21-20163

custody for an additional period of competency restoration treatment, or whether civil commitment proceedings were the only option.  Because the district court retained the authority to commit Ceasar to a second period of competency restoration treatment, we AFFIRM its order doing so and REMAND for further proceedings consistent with this opinion.

I.

In August 2018, Ceasar was indicted for receipt, distribution, and possession of child pornography.  In October 2019, the district court found Ceasar mentally incompetent to stand trial and ordered him to be hospitalized at a federal medical facility for competency restoration and evaluation.  He arrived at the facility on December 10, 2019 and, in accordance with federal law, was to remain there for no more than four months.  *See* 18 U.S.C. § 4241(d)(1).  Shortly before that four-month period ended, the Government moved to extend the treatment period for an additional four months under 18 U.S.C. § 4241(d)(2).  Dr. Ashley Christiansen, the doctor in charge of evaluating Ceasar, advised that with the additional time his competency could be restored.  Ceasar opposed the extension and asked for compassionate release because of COVID-19, and he also requested that his competency proceedings be stayed.

With the agreement of both parties, the district court ordered the competency proceedings to be stayed because of the pandemic and ordered Ceasar to be released on bond from the medical center to live with his mother.  It also directed Dr. Christiansen to submit an updated report of Ceasar's condition within a few weeks.  In that report, Dr. Christiansen concluded that Ceasar was "likely competent to proceed in his case," but explained that her conclusion was based on very limited data and that "an additional period of competency restoration and evaluation may be prudent."  A few weeks after the proceedings were stayed and Ceasar was released on bond, the hospital

No. 21-20163

warden issued a certificate of competency based on Dr. Christiansen's report. About two months later, however, the defense's expert psychologist submitted a report concluding that Ceasar was at that time incompetent, but that his competency could be restored with treatment.

In March 2021, the district court held a new competency hearing. Both the Government and the defense agreed that at that time Ceasar was incompetent but that his competency could be restored with additional treatment. The Government requested that he be committed for restoration treatment once again. Ceasar argued that because the warden had certified him competent the year before, the only option for the court to commit him for additional treatment was to do so through civil commitment proceedings under 18 U.S.C. §§ 4246 and 4248.

The district court agreed with the Government and ordered Ceasar to undergo additional treatment at another federal medical facility either for four months or until his competency was restored, whichever came earlier. The court explained that because an additional commitment period would likely enable Ceasar to gain competency, it was authorized to commit him for an additional reasonable period of time under 18 U.S.C. § 4241(d)(2). Ceasar appealed that decision to this court. We have jurisdiction under the collateral order doctrine. *See United States v. McKown*, 930 F.3d 721, 725–26 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2518 (2020).

## II.

After a defendant's initial period of commitment for treatment to evaluate or restore competency, the district court has the authority to order an additional commitment period if it concludes that there is a substantial probability that the defendant will regain competency within that period. There is no statutory basis to conclude that the court loses that authority simply because when the proceedings were stayed the medical facility

3

No. 21-20163

certified that the defendant was competent at a particular moment.  We therefore affirm the decision of the district court.

A.

Ceasar argues that the district court misinterpreted 18 U.S.C. § 4241 and violated his substantive due process rights by committing him to additional restoration treatment after the warden had issued a competency certificate.  These are legal issues, so we review them *de novo*.  *See United States v. Jackson*, 945 F.3d 315, 319 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2699 (2020); *McKown*, 930 F.3d at 726.

B.

It is a denial of due process to try a defendant for a crime if the defendant is incompetent to stand trial.  *United States v. Flores-Martinez*, 677 F.3d 699, 705–06 (5th Cir. 2012).  Congress has enacted provisions designed to safeguard that due process right.  Under 18 U.S.C. § 4241(a), both the Government and the defendant may move for a hearing to determine the defendant's mental competency before continuing criminal proceedings.  If the district court finds that the defendant is incompetent, it must commit him to the custody of the Attorney General for hospitalization "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward."  18 U.S.C. § 4241(d)(1).  The defendant may be committed for one "additional reasonable period of time" "if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward."  *Id.* § 4241(d)(2)(A).  At the end of the commitment period, if the defendant has not sufficiently improved, he is not subject to any additional commitment except by way of

No. 21-20163

the civil commitment procedures described in 18 U.S.C. §§ 4246 and 4248. *Id.*

At any point while the defendant is committed for competency restoration treatment and evaluation, the medical facility may certify that the defendant has regained competence. *Id.* § 4241(e). If the facility does so, the district court must hold a competency hearing. *Id.* And if the court concludes that the defendant's competency has indeed been restored, "the court shall order his immediate discharge" from treatment and schedule either the trial or other related proceedings. *Id.*

Ceasar served the large majority of his initial four-month commitment, but before that period concluded, the commitment proceedings were stayed and Ceasar was ordered to live with his mother. During that time, the warden of the hospital certified that Ceasar was competent, but by the time a subsequent competency hearing was held, Ceasar was again incompetent. Thus, the district court ordered an additional period of commitment for restoration treatment.

Ceasar argues that once the medical facility certified him competent, the only way he could be committed again was through civil commitment procedures. In his view, once a certificate of competence was issued under 18 U.S.C. § 4241(e), that ended the "reasonable period of time" for which he could be hospitalized for competency restoration. The Government responds that the district court properly ordered an additional period of treatment for a reasonable period of time under § 4241(d)(2). We agree with the Government and thus affirm the district court's order.

The relevant statutory provisions allow for up to two periods of commitment. A district court may order the first period of commitment "to determine whether there is a substantial probability that" the defendant will become competent "in the foreseeable future." 18 U.S.C. § 4241(d)(1). It

5

can order the additional period of commitment if "there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward." *Id.* § 4241(d)(2)(A). The district court acted in accordance with each of these provisions when it committed Ceasar to treatment on two separate occasions. It thus acted within its authority, unless its authority was somehow hamstrung by the warden's certification of competency which came while the commitment proceedings were stayed and Ceasar was released on bail.

On that issue, we find no statutory basis to conclude that the warden's certification foreclosed the district court's authority to order an additional commitment period under § 4241(d)(2). Again, when a medical facility in which a defendant is being treated for competency restoration certifies that the defendant has regained competency, § 4241(e) requires the court to hold a competency hearing. 18 U.S.C. § 4241(e). Under that subsection, if the court concludes that the defendant has indeed regained competency, the proceedings move forward. *Id.* It *does not* address when the court concludes that the defendant is not in fact competent. *See id.* Thus, there is no reason from the text of that provision to conclude that it controls here.

The only other statutory basis which could potentially affect the district court's authority to order an additional period of commitment for competency restoration is § 4241(d) itself. That provision explains that "[i]f, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to [the civil commitment provisions]." 18 U.S.C. § 4241(d).

But that statement does not constrain the district court's ability to order a second period of competency restoration treatment. Section 4241(d) provides for up to two commitment periods—the first to determine whether

the defendant will likely gain competency in the near future, and the second if it is likely that the defendant will regain competency during that additional commitment period. 18 U.S.C. § 4241(d)(1), (2). Subsection (d) goes on to explain that the civil commitment proceedings apply when, "at the end of the time period specified," the defendant's mental condition has not sufficiently improved for the proceedings to move forward. *Id.* § 4241(d). That provision must apply to situations in which the court has *not* concluded under subsection (d)(2)(A) that the defendant would likely regain competency with a second period of commitment.

Otherwise, it is hard to imagine when the second period of commitment could ever be allowed: If a court concludes that an additional commitment period would likely allow for the defendant to regain competency (under subsection (d)(2)(A)), it necessarily concludes, albeit implicitly, that the defendant's mental condition has not yet improved to permit the proceedings to go forward. We will not read one part of subsection (d) in a way that renders another part of that same subsection essentially ineffective. *See Woodfork v. Marine Cooks & Stewards Union*, 642 F.2d 966, 970–71 (5th Cir. Apr. 1981) ("A basic principle of statutory construction is that 'a statute should not be construed in such a way as to render certain provisions superfluous or insignificant.'" (quoting *Zeigler Coal Co. v. Kleppe*, 536 F.2d 398, 406 (D.C. Cir. 1976))); Antonin Scalia & Brian A. Garner, *Reading Law: The Interpretation of Legal Texts* 174 (2012) ("If possible, every word and every provision is to be given effect . . . . None should be ignored. None should needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence.").

Instead, the natural reading of the provision referencing the civil commitment procedures is that it applies when, "at the end of the time period specified" by any orders under subsections (d)(1) *or* (d)(2), a defendant remains incompetent. After all, that phrase sits at the end of

subsection (d) generally and not within subpart (d)(1).[1] In other words, the civil commitment provisions take effect only after the court has ordered all commitment periods that it might order under those provisions.[2]

Thus, the hospital warden's certification of competency did not undermine the district court's ability to order an additional period of commitment when the court—and all the parties, for that matter— concluded that Ceasar had again become incompetent.[3]

---

[1] The parties disagree about whether the initial commitment period had ended when the additional commitment was ordered. If it had expired, Ceasar says, then in his view the commitment could not be extended under subsection (d)(2).

But we agree with the Second Circuit that the statutory provisions do not require the additional period of commitment to be ordered before the first period is complete, and that ordering the additional commitment period later does not offend due process requirements. *See United States v. Magassouba*, 544 F.3d 387, 406–08 (2d Cir. 2008).

[2] That is not to say that a district court must always order both an initial and an additional period of commitment. If, for example, the court orders the initial period of commitment, and at the end of that period concludes that an additional period of commitment would *not* likely allow the defendant to regain competency, there would be no statutory justification to order the second period of commitment. *See* 18 U.S.C. § 4241(d)(2)(A).

[3] We also conclude that the district court did not violate Ceasar's due process rights. The Fifth Amendment Due Process Clause allows the government to involuntarily commit incompetent defendants for treatment for a reasonable period of time to the extent necessary to determine whether the defendant will attain competency in the near future. *Jackson v. Indiana*, 406 U.S. 715, 738 (1972). The Due Process Clause also allows for an additional period of commitment for a reasonable period of time in pursuit of that goal of restoring competency. *Id.* Section 4241(d) by its text closely traces those constitutional constraints. *See* 18 U.S.C. § 4241(d). We have specifically held that § 4241(d) does not violate due process. *McKown*, 930 F.3d at 728. Because the district court complied with the requirements of § 4241(d) and ordered commitment periods of a length contemplated by that provision, it did not violate Ceasar's due process rights.

No. 21-20163

\*        \*        \*

For these reasons, we AFFIRM the order of the district court and REMAND for further proceedings consistent with this opinion.