# United States Court of Appeals
# for the Fifth Circuit

_____

No. 20-30205
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

January 20, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Byron Neal,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CR-425-1

_____

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Byron Neal, federal prisoner # 30456-034, is serving concurrent sentences of 360 months of imprisonment and 240 months of imprisonment, respectively, which were imposed on his convictions of drug offenses involving cocaine base. Neal has appealed from an order of the district court denying motions to reduce his sentence under Section 404 of the First Step

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 20-30205

Act of 2018, and 18 U.S.C. § 3582(c)(2).  However, because Neal raises no issues related to the district court's denial of his § 3582(c)(2) motion, he has abandoned any challenge to the denial of that motion.  *See United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006).

Focusing instead on the district court's denial of his motion under Section 404 of the First Step Act, Neal argues that the denial of his motion results in a substantively unreasonable sentence.  This contention is foreclosed in light of *United States v. Batiste*, 980 F.3d 466, 480 (5th Cir. 2020), which held that "the substantive reasonableness standard does not apply" to denials of a sentence reduction under the First Step Act.

Neal also contends that the district court erred by failing to adequately consider the sentencing factors of 18 U.S.C. § 3553(a) and by failing to provide a sufficient explanation of its denial of his Section 404 motion for a reduction in his sentence of imprisonment.  Our review of the district court's decision is deferential and "should not be overly searching." *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022).

"[T]he First Step Act [does not] require a district court to make a point-by-point rebuttal of the parties' arguments[;] [a]ll that is required is for a district court to demonstrate that it has considered the arguments before it." *Id.* at 2405.  "[A] district court is not required to be persuaded by every argument parties make, and it may, in its discretion, dismiss arguments that it does not find compelling without a detailed explanation.  Nor is a district court required to articulate anything more than a brief statement of reasons." *Id.* at 2404.

Here, the district court correctly noted that it could consider the § 3553(a) factors.  *See United States v. Jackson*, 945 F.3d 315, 322 n.8 (5th Cir. 2019).  The record reflects that the district court gave due consideration to the arguments before it, including arguments pertinent to the § 3553(a)

2

No. 20-30205

sentencing factors. *See Concepcion*, 142 S. Ct. at 2404-05; *Batiste*, 980 F.3d at 479. Further, the district court adequately explained its reasons for refusing to exercise its discretion to reduce Neal's sentence, *see Concepcion*, 142 S. Ct. at 2404-05, noting Neal's role in a murder conspiracy.

In view of the foregoing, the decision of the district court is AFFIRMED.