# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-50046
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

September 28, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Eugene Durst Self,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-66-1

———————————————————————

Before Willett, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Eugene Durst Self, federal prisoner #76522-080, is serving concurrent sentences of 60 and 36 months following the revocation of his supervised release. He was originally convicted of various drug crimes. Self appeals the denial and dismissal of his motion for a sentence reduction under § 404 of the First Step Act of 2018. He contends that his prior § 404 motion does not

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

preclude consideration of this motion since he is challenging different aspects of his sentence and because he is eligible for a sentence reduction under the First Step Act.

We review the district court's ruling on a motion to reduce a sentence under the First Step Act for abuse of discretion. *United States v. Batiste*, 980 F.3d 466, 469 (5th Cir. 2020). The Act's express terms decide this case: a § 404 motion cannot be entertained "if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." First Step Act, Pub. L. No. 115-391, § 404(c), 132 Stat. 5194, 5222 (2018).

Because Self's previous § 404 motion was denied after a complete review on the merits, the district court did not abuse its discretion in denying Self's current motion. Further, Self's mere eligibility for a sentence reduction under the First Step Act "does not mean he is entitled to it." *United States v. Jackson*, 945 F.3d 315, 321 (5th Cir. 2019) (internal quotation marks and citation omitted).

Additionally, as Self fails to brief a challenge to the district court's alternative ruling that a sentence reduction was unwarranted based on a balancing of the 18 U.S.C. § 3553(a) factors, he has abandoned that issue on appeal. *See United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010).

Accordingly, the district court's denial of Self's § 404 motion is AFFIRMED.