# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 13, 2021

Lyle W. Cayce
Clerk

No. 20-10729
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAMAAR ROBINSON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:03-CR-104-2

Before JOLLY, ELROD, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Jamaar Robinson, federal prisoner # 30170-177, was convicted in 2004 of conspiracy to distribute and to possess with the intent to distribute more than 50 grams of cocaine base. He was determined to be a career offender

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10729

under U.S.S.G. § 4B1.1, and he was sentenced within the guidelines range to 327 months of imprisonment and five years of supervised release.

In 2019, Robinson filed a counseled motion for a reduction of sentence pursuant to Section 404 of the First Step Act of 2018. He argued that he was eligible for a reduction of sentence because he had been convicted of a cocaine base offense for which the statutory penalty range had been reduced and he had not previously received relief under the Fair Sentencing Act of 2010. He added that a term of time served would be fair because he no longer qualified as a career offender under the Guidelines in light of *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). The district court granted Robinson's motion, reducing his sentence to 300 months of imprisonment, which was below the revised 480-month statutory maximum.

Proceeding pro se, Robinson now appeals on the ground that the district court erred in reducing his sentence by only 27 months and should have instead sentenced him to time served. Robinson argues that, in resentencing him pursuant to the First Step Act, the district court should have either removed the career-offender designation or considered that he would no longer be a career offender if sentenced today in light of *Hinkle*. Robinson also asserts that it was unfair for the district court to consider his negative post-sentencing conduct and whether he would be a danger to the public based on conduct that occurred prior to his incarceration.

A district court's decision whether to reduce a sentence pursuant to the First Step Act is generally reviewed for abuse of discretion. *United States v. Stewart*, 964 F.3d 433, 435 (5th Cir. 2020); *United States v. Jackson*, 945 F.3d 315, 319 & n.2 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2699 (2020). "A court abuses its discretion when the court makes an error of law or bases its decision on a clearly erroneous assessment of the evidence." *United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011) (internal quotation marks and

citation omitted). However, "to the extent the court's determination turns on the meaning of a federal statute such as the [First Step Act]," de novo review applies. *Jackson*, 945 F.3d at 319 (internal quotation marks and citation omitted).

The district court permissibly considered the 18 U.S.C. § 3553(a) factors, as well as public safety issues and Robinson's post-sentencing conduct, in determining whether to reduce his sentence. *See Jackson*, 945 F.3d at 321-22 & nn. 7, 8. The record does not demonstrate that the district court based its decision on an erroneous assessment of the facts, and Robinson's disagreement with the district court's implicit weighing of the § 3553(a) sentencing factors is not sufficient to demonstrate an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693-64 (5th Cir. 2020). Further, to the extent that Robinson argues that the district court was required to remove his career-offender status, that issue is foreclosed by our decision in *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019). Insofar as Robinson asserts that the district court was required to consider that he would not be a career offender under the Guidelines if sentenced today, that argument is foreclosed as a matter of law pursuant to this court's rule of orderliness. *See United States v. Robinson*, 980 F.3d 454, 465 (5th Cir. 2020). While the district court did not expressly address Robinson's career-offender status, the issue was raised in Robinson's counseled motion, and it is presumed that the district court considered the issue. *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009).

Under the circumstances, and in light of our decisions in *Hegwood*, *Jackson*, and *Stewart*, we find no error with the district court's decision to reduce Robinson's sentence by 27 months. *See Robinson*, 980 F.3d at 461-65; *Larry*, 632 F.3d at 936. Robinson's motion for leave to file a supplemental reply brief is GRANTED, and the district court's judgment is AFFIRMED.