# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 26, 2021

Lyle W. Cayce
Clerk

No. 20-10702
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Kendrick Jermaine Fulton, Sr.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:02-CR-94-2

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Kendrick Jermaine Fulton, Sr., federal prisoner # 30080-177, was convicted by a jury of conspiracy to possess with intent to distribute more than five kilograms of cocaine and intent to manufacture, distribute, and possess with intent to distribute more than 50 grams of cocaine base. He was

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10702

sentenced to a 400-month term of imprisonment, to be followed by a five-year term of supervised release. Proceeding pro se, Fulton appeals the denial of his motion for a sentence reduction filed pursuant to Section 404 of the First Step Act of 2018, Pub. L. 115-391, § 404, 132 Stat. 5194–249 (2018), and the denial of his related motion for reconsideration.

With regard to the denial of his motion for a sentence reduction insofar as it concerns his term of imprisonment, the gravamen of Fulton's argument is that the district court erred in its determination of the quantity of drugs he was accountable for and thus did not correctly determine his guidelines range. More specifically, his contention is that the district court erred, and did not comply with Section 404 of the First Step Act, because it based its determination on the drug quantities that the district court found at the sentencing hearing instead of the drug quantities as set forth in the Presentence Report (PSR).

"The district court is not limited at sentencing to the findings in the PSR and the evidentiary bases therefor." *United States v. Solis*, 299 F.3d 420, 456 (5th Cir. 2002). Here, by challenging the district court's drug quantity determination, Fulton is essentially attempting to use his motion for a sentence reduction as a means of relitigating a determination made at sentencing; this he may not do. *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011).[1]  Fulton has not shown an abuse of discretion in the district court's denial of his request for a reduction in his 400-month term of imprisonment. *See United States v. Jackson*, 945 F.3d 315, 319 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2699 (2020). We therefore AFFIRM this portion of the district court's ruling.

---

[1] Given this determination, we need not decide whether the law-of-the-case doctrine precludes examination of this issue.

No. 20-10702

Fulton asserts that the district court erred by failing to address his request for a reduction in his term of supervised release.  The Government concedes that the district court's order does not address supervised release.  Because it is not apparent that the district court considered Fulton's request for a reduction in the term of his supervised release, we REMAND "that aspect of this proceeding to the district court for consideration and disposition." *United States v. Batiste*, 980 F.3d 466, 480 (5th Cir. 2020).

Finally, as to the denial of his motion for reconsideration, Fulton renews his argument that he should have been allowed to file a response to the Government's opposition to his motion for a sentence reduction, and that his due process rights were violated because he did not have that opportunity. Fulton contends that he did not receive the Government's opposition to his motion for a sentence reduction before the district court denied relief, and he asserts that this was because the Government mailed the opposition to the wrong address.  Similarly, he asserts that he did not receive the probation officer's worksheet because it, too, was mailed to the wrong address.  Fulton has not demonstrated that a response would have affected the outcome of the proceeding. *See United States v. Rand*, 924 F.3d 140, 144-45 (5th Cir. 2019).[2] He has not shown that the district court abused its discretion in denying the motion for reconsideration. *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).  Accordingly, we AFFIRM the denial of the motion for reconsideration.

Fulton's motion for the appointment counsel is DENIED.  His motion to expedite the appeal is DENIED as moot.

---

[2] We note that the record reveals that Fulton responded to the probation officer's worksheet before the district court denied his motion for a sentence reduction.